IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **THE LEMOINE COMPANY, L.L.C.,** **Plaintiff,** v. **HILTI, INC. and SPEARS MANUFACTURING COMPANY,** **Defendants.** | Case No.: _____ **JURY TRIAL DEMANDED** |

## COMPLAINT

NOW INTO COURT through undersigned counsel, comes Plaintiff, The Lemoine Company, L.L.C. ("Lemoine"), and for its Complaint against Defendants, HILTI, Inc. ("Hilti") and Spears Manufacturing Company ("Spears"), alleges upon information and belief as follows:

### I.   Introduction

1. Lemoine brings this action to recover damages based on the incompatibility of certain products—namely, caulk and pipe—manufactured by Defendants and used in the completion of a construction project overseen by Lemoine in Baton Rouge, Louisiana.

2. Lemoine became aware of Defendants' acts and/or omissions when it began to experience leaks in the fire suppression sprinkler system where Defendants' individual products came in contact with each other.

3. Lemoine has suffered damages for which Defendants are liable in responding to these leaks, repairing damages caused by the leaks, proactively performing work in affected locations so as to prevent future damage, and ancillary costs incurred in performing the repairs and relocating residents in the affected premises.

1

4. Specifically, Defendants are liable as manufacturers under the Louisiana Products Liability Act ("LPLA"), La. Rev. Stat. § 9:2800.51 *et seq.* Under the LPLA, manufacturers are liable for damage proximately caused by a characteristic of their product that renders the product unreasonably dangerous. A product can be unreasonably dangerous in its construction or composition, or when the product possesses a characteristic that may cause damage and the manufacturer fails to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product. Defendants are liable to Lemoine under both theories.

5. Defendants are further liable under for the damages sustained by Lemoine under theories of redhibition, negligence, breach of contract, and breach of warranty.

## II.     Jurisdiction and Venue

6. The subject matter jurisdiction of this Court is based upon 28 U.S.C. § 1332, in that there is complete diversity of citizenship among the Parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## III.     Parties

8. Plaintiff Lemoine is a limited liability company organized under the laws of the State of Louisiana and maintains its principal place of business in Lafayette, Louisiana. Plaintiff Lemoine's members are all citizens of Louisiana.

9. Plaintiff Lemoine is a company engaged in the construction industry as a general contractor.

10. Defendant Hilti is a corporation incorporated under the laws of the State of Oklahoma with its principal place of business in Plano, Texas, engaged in the business of manufacturing and supplying tools and fastening systems for construction industry professionals, as well as other industry professionals in the United States.

11. Defendant Hilti designed, manufactured, and distributed a caulk product with the brand name CP 506, Smoke and Acoustic Sealant ("CP 506 Sealant") for sale to and use by consumers in the construction industry.

12. Upon information and belief, Spears is incorporated under the laws of the State of California and maintains its principal place of business in Sylmar, California.

13. Defendant Spears designed, manufactured, and distributed chlorinated polyvinyl chloride ("CPVC") pipe and pipe fittings with the brand name FlameGuard CPVC for sale to and use by consumers.

## IV. Factual Allegations

14. In 2014, Lemoine contracted with Lafayette Street Holdings, LLC to construct a 10-story residential apartment building at 525 Lafayette Street, Baton Rouge, Louisiana 70802 ("525 Lafayette" or "the Building").

15. The Building included a fire suppression sprinkler system installed with chlorinated polyvinyl chloride ("CPVC") pipe manufactured under the brand name Spears FlameGuard. Hilti CP 506 Sealant was used to seal penetration openings in the walls, including penetration openings associated with the fire suppression system.

16. Construction at 525 Lafayette was substantially complete on September 1, 2015 and the building has been occupied since that time.

17. On July 26, 2017, a leak was discovered in a sprinkler pipe in Unit 402 at 525

Lafayette.

18.     On July 30, 2017, a second leak was discovered in a sprinkler pipe in Unit 405 of the Building. The second leak triggered the fire alarm system and required the entire building to be evacuated at 4:00 a.m.

19.     On August 1, 2017, while repairing the pipes in Unit 402, an additional cracked pipe was discovered and removed before it could leak into that Unit.

20.     During the repair of the cracked pipes in Units 402 and 405, it was discovered that both Spears FlameGuard CPVC pipes were cracked at points where the pipe was in contact with Hilti CP 506 Sealant.

21.     Lemoine subsequently submitted samples of the Spears FlameGuard CPVC pipe and the Hilti CP 506 Sealant for testing by a lab specializing in this area, Plastic Failure Labs.

22.     On October 13, 2017, a leak was discovered in a sprinkler pipe in Unit 512 of the Building. That same day, an additional leak was discovered in a sprinkler pipe in Unit 402.

23.     As before, the Spears FlameGuard CPVC pipes in the Units were cracked where they were in contact with Hilti CP 506 Sealant.

24.     In its report dated October 26, 2017, Plastic Failure Labs confirmed that the pipe failures were caused by an incompatibility between the Spears FlameGuard CPVC and the Hilti CP 506 Sealant.

25.     On November 1, 2017, another leak was discovered in one of the sprinkler pipes located in Unit 405 at 525 Lafayette.

26.     On November 6, 2017, a leak was discovered in a sprinkler pipe in Unit 502 of the Building.

27.     As before, the Spears FlameGuard CPVC pipes in the Units were cracked where

they were in contact with Hilti CP 506 Sealant.

28. To date, there have been at least seven (7) locations where CPVC piping in the Building has cracked—and, in six (6) instances, leaked.

29. The Building is occupied. In order to mitigate damages caused by the incompatibility of Defendants' products, Lemoine has made significant repairs in the Building. Lemoine has also incurred damages related to the accommodation of residents during the period that necessary repairs were completed.

30. Both Hilti and Spears failed to warn that the Spears FlameGuard CPVC and the Hilti CP 506 Sealant were incompatible.

31. Upon information and belief, Hilti has been aware for some time that CP 506 Sealant is not compatible with CPVC.

32. In 2016, after substantial completion of 525 Lafayette, Hilti updated its product data sheets regarding the incompatibility between CPVC and Hilti CP 506 Sealant; however, Hilti did not take steps to notify prior users—including Lemoine—of the incompatibility.

33. Moreover, both Hilti and Spears have represented that Spears FlameGuard CPVC is compatible with Hilti CP 506 Sealant, based on, at a minimum, a letter from Hilti dated July 30, 2015 and a bulletin issued by Spears as public guidance on July 28, 2016. Those representations are false.

34. In light of the foregoing, the Spears FlameGuard CPVC and the Hilti CP 506 Sealant were defective, possessed redhibitory defects, and further were not fit for ordinary and forseeable use.

35. As a result of the foregoing, Lemoine has sustained significant damages, including but not limited to costs to remove and replace all CPVC piping in the building that is in

contact with CP 506 Sealant, costs to repair damage caused by pipe failures in the building, and costs associated with accommodating residents while repairs are completed.

36. By letter dated November 13, 2017, Lemoine formally informed Hilti of its claims.

37. To date, Hilti has not compensated Lemoine for any of its damages sustained as a consequence of the incompatibility between the CPVC and Hilti CP 506 Sealant.

38. By letter dated January 16, 2018, Lemoine formally informed Spears of its claims.

39. To date, Spears has not compensated Lemoine for any of its damages sustained as a result of the incompatibility between the Spears FlameGuard CPVC and Hilti CP 506 Sealant.

### V.     Claims for Relief

### Count 1:
### Unreasonably Dangerous Product Pursuant to La. Rev. Stat. § 9:2800.55
### (with respect to Hilti)

40. The preceding paragraphs are incorporated by reference as if fully set forth herein.

41. Hilti is a "manufacturer" as that term is defined under La. Rev. Stat. § 9:2800.53(1) such that the LPLA establishes the theories of liability for damage caused by its products. *See* La. Rev. Stat. § 9:2800.52.

42. Hilti designed, manufactured, and distributed the CP 506 Sealant that Lemoine and/or its subcontractors purchased and used at 525 Lafayette.

43. By letter dated July 30, 2015, and perhaps other correspondence and representations, Hilti represented that its CP 506 Sealant performed and was compatible with

6

Spears FlameGuard CPVC.

44. The Hilti CP 506 Sealant used at 525 Lafayette deviated in a material way from Hilti's specifications and performance standards for the product as conveyed by letter dated July 30, 2015 in that Hilti CP 506 Sealant is not compatible with Spears FlameGuard CPVC.

45. The damages which Lemoine suffered were proximately caused by Hilti CP 506 Sealant's incompatibility with CPVC and this characteristic of the product existed at the time it left Hilti's control.

46. The damages which Lemoine suffered arose from a reasonably anticipated use of the Hilti CP 506 Sealant by Lemoine and/or those working on behalf of Lemoine.

47. Lemoine has suffered actual damage to property.

**Count 2:
Failure to Warn Pursuant to La. Rev. Stat. § 9:2800.57
(with respect to Hilti)**

48. The preceding paragraphs are incorporated by reference as if fully set forth herein.

49. At the time the CP 506 Sealant left Hilti's control, the product had a characteristic that might cause damage—namely, its incompatibility with Spears CPVC—and Hilti failed to use reasonable care to provide an adequate warning of that characteristic and its danger to users of the product, including Lemoine.

50. The damages which Lemoine suffered were proximately caused by Hilti CP 506 Sealant's incompatibility with CPVC and this characteristic of the product existed at the time it left Hilti's control.

51. The damages which Lemoine suffered arose from a reasonably anticipated use of the Hilti CP 506 Sealant by Lemoine and those working on behalf of Lemoine.

52. Lemoine has suffered actual damage to property.

### Count 3:
### Redhibition, Negligence, Breach of Contract, and Breach of Warranty
### (with respect to Hilti)

53. The preceding paragraphs are incorporated by reference as if fully set forth herein.

54. Hilti is further liable to Lemoine under theories of redhibition, negligence, breach of contract, breach of warranty, breach of implied warranty, and breach of warranty of fitness for ordinary use.

### Count 4:
### Unreasonably Dangerous Product Pursuant to La. Rev. Stat. § 9:2800.55
### (with respect to Spears)

55. The preceding paragraphs are incorporated by reference as if fully set forth herein.

56. Spears is a "manufacturer" as that term is defined under La. Rev. Stat. § 9:2800.53(1) such that the LPLA establishes the theories of liability for damage caused by its products. *See* La. Rev. Stat. § 9:2800.52.

57. Spears designed, manufactured, and distributed the FlameGuard CPVC pipe that Lemoine and/or its subcontractors purchased and used at 525 Lafayette.

58. Spears represented that its FlameGuard CPVC was compatible with Hilti CP 506 Sealant.

59. The Spears FlameGuard CPVC used at 525 Lafayette deviated in a material way from Spears's specifications and performance standards for the product as conveyed in its own published materials in that Spears FlameGuard CPVC is not compatible with Hilti CP 506 Sealant.

60. The damages which Lemoine suffered were proximately caused by Spears FlameGuard CPVC's incompatibility with Hilti CP 506 Sealant and this characteristic of the product existed at the time it left Spears's control.

61. The damages which Lemoine suffered arose from a reasonably anticipated use of the Spears FlameGuard CPVC pipe by Lemoine and those working on behalf of Lemoine.

62. Lemoine has suffered actual damage to property.

### Count 5:
### Failure to Warn Pursuant to La. Rev. Stat. § 9:2800.57
### (with respect to Spears)

63. The preceding paragraphs are incorporated by reference as if fully set forth herein.

64. At the time the Spears FlameGuard CPVC pipe left Spears's control, the product had a characteristic that might cause damage—namely, its incompatibility with Hilti CP 506 Sealant—and Spears failed to use reasonable care to provide an adequate warning of that characteristic and its danger to users of the product, including Lemoine.

65. The damages which Lemoine suffered were proximately caused by Spears FlameGuard CPVC's incompatibility with Hilti CP 506 Sealant and this characteristic of the product existed at the time it left Hilti's control.

66. The damages which Lemoine suffered arose from a reasonably anticipated use of the Spears FlameGuard CPVC pipe by Lemoine and those working on behalf of Lemoine.

67. Lemoine has suffered actual damage to property.

### Count 6:
### Redhibition, Negligence, Breach of Contract, and Breach of Warranty
### (with respect to Spears)

68. The preceding paragraphs are incorporated by reference as if fully set forth

herein.

69.    Spears is further liable to Lemoine under theories of redhibition, negligence, breach of contract, breach of warranty, breach of implied warranty, and breach of warranty of fitness for ordinary use.

## VI.    Prayer for Relief

WHEREFORE, the Plaintiff, The Lemoine Company, L.L.C., respectfully requests:

1. Entry of judgment on Counts 1, 2 and 3 in favor of The Lemoine Company, L.L.C. and against HILTI, Inc.;

2. Entry of judgment on Counts 4, 5 and 6 in favor of The Lemoine Company, L.L.C. and against Spears Manufacturing Company;

3. Award of all damages sustained by The Lemoine Company, L.L.C. on account of Defendants' acts or omissions;

4. Prejudgment and post-judgment interest on all amounts awarded; and

5. Such other and further relief as the Court may deem just and equitable.

## VII.    Jury Demand

The Lemoine Company, L.L.C. hereby demands a jury on all issues triable to a jury.

Dated: July 10, 2018

                                                                                   Respectfully Submitted,

*/s/ Loretta G. Mince*
Loretta G. Mince, 25796
Kathryn J. Johnson, 36513
**FISHMAN HAYGOOD, L.L.P.**
201 St. Charles Ave., Suite 4600
New Orleans, Louisiana 70170
Telephone: (504) 586-5252
Facsimile: (504) 586-5250
Email: lmince@fishmanhaygood.com
          kjohnson@fishmanhaygood.com

*Counsel for The Lemoine Company, L.L.C.*

10

1339816v.1